1  TOWNSEND AND TOWNSEND AND CREW LLP
   THEODORE T. HERHOLD (State Bar No. 122895)
2    Email:  ttherhold@townsend.com
   APRIL E. ABELE (State Bar No. 180638)
3    Email:  aeabele@townsend.com
   MATTHEW R. HULSE (State Bar No. 209490)
4    Email:  mrhulse@townsend.com
   Two Embarcadero Center, Eighth Floor
5  San Francisco, California  94111
   Telephone: (415) 576-0200
6  Facsimile: (415) 576-0300

7  Attorneys for Defendant
   ZAPPOS.COM, INC.

8

9

10                 UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13

14  NCR CORPORATION, a Maryland            Case No. C-06-5599 WHA
    Corporation
15                                         **DEFENDANT ZAPPOS.COM, INC.'S
                  Plaintiff,               ANSWER, AFFIRMATIVE DEFENSES
16                                         AND COUNTERCLAIMS TO PLAINTIFF
             v.                            NCR CORPORATION'S AMENDED
17                                         COMPLAINT FOR PATENT
    ZAPPOS.COM, INC., a California         INFRINGEMENT AND DEMAND FOR
18  Corporation                           JURY TRIAL**

19                  Defendant.

20

21

22

23

24

25

26

27

28

1    Defendant Zappos.com, Inc. ("Zappos") files this, its Answer to Plaintiff NCR Corporation's

2    ("NCR" or "Plaintiff") Amended Complaint for Patent Infringement (the "Amended Complaint"),

3    along with its defenses, denying infringement of any valid and/or enforceable claims of the patents-in-

4    suit, and counterclaims.

5                                              **PARTIES**

6        1.      No allegations are contained within paragraph 1 and a response by Zappos is therefore

7    not necessary.  To the extent a response may be deemed necessary, Zappos admits that on information

8    and belief NCR is a Maryland corporation with its principal place of business located at 1700 South

9    Patterson Boulevard, Dayton, Ohio 45479-0001.

10       2.      Zappos admits that it is a California corporation with its principal place of business

11   located at 2280 Corporate Circle, Suite 100, Henderson, Nevada 89074.

12                                    **JURISDICTION AND VENUE**

13       3.      Zappos admits the Amended Complaint purports to state a claim for patent

14   infringement under the Patent Laws of the United States, 35 U.S.C. §§ 281 *et seq*.  Zappos also admits

15   28 U.S.C. § 1338(a) grants this Court original jurisdiction over civil actions for patent infringement.

16       4.      Admitted.

17                                      **STATEMENT OF FACTS**

18       5.      Zappos admits that the faces of U.S. Patent Nos. 5,951,643 (the "'643 patent"),

19   5,991,791 (the "'791 patent"), 6,253,203 (the "'203 patent"), 6,480,855 (the "'855 patent"), 6,502,096

20   (the "'096 patent") and 6,519,600 (the "'600 patent") (collectively the "patents-in-suit") each identify

21   NCR as the assignee.

22           a.   Zappos admits that the '643 patent on its face indicates that the patent issued on

23                September 14, 1999 and is entitled "Mechanism For Dependably Organizing And

24                Managing Information For Web Synchronization and Tracking Among Multiple

25                Browsers."

26           b.   Zappos admits that the '791 patent on its face indicates that the patent issued on

27                November 23, 1999 and is entitled "Security Aspects Of Computer Resource

28                Repositories."

1    c.  Zappos admits that the '203 patent on its face indicates that the patent issued on

2        June 26, 2001 and is entitled "Privacy-Enhanced Database."

3    d.  Zappos admits that the '855 patent on its face indicates that the patent issued on

4        November 12, 2002 and is entitled "Managing A Resource On A Network Where Each

5        Resource Has An Associated Profile With An Image."

6    e.  Zappos admits that the '096 patent on its face indicates that the patent issued on

7        December 31, 2002 and is entitled "Computerized Asset Management System."

8    f.  Zappos admits that the '600 patent on its face indicates that the patent issued on

9        February 11, 2003 and is entitled "Computerized Asset Management System."

10   6.  Zappos admits it owns and operates an Internet website at www.zappos.com.

11   7.  Denied.

12                    **FIRST CLAIM FOR RELIEF**

13                    **(Infringement of U.S. Patent No. 5,951,643)**

14   8.  No allegations are contained within paragraph 8 and a response by Zappos is therefore

15   not necessary.  To the extent a response may be deemed necessary, Zappos denies the allegations in

16   paragraph 8.

17   9.  Denied.

18                    **SECOND CLAIM FOR RELIEF**

19                    **(Infringement of U.S. Patent No. 5,991,791)**

20   10.  No allegations are contained within paragraph 10 and a response by Zappos is therefore

21   not necessary.  To the extent a response may be deemed necessary, Zappos denies the allegations in

22   paragraph 10.

23   11.  Denied.

24                    **THIRD CLAIM FOR RELIEF**

25                    **(Infringement of U.S. Patent No. 6,253,203)**

26   12.  No allegations are contained within paragraph 12 and a response by Zappos is therefore

27   not necessary.  To the extent a response may be deemed necessary, Zappos denies the allegations in

28   paragraph 12.

1    13.    Denied.

2                      **FOURTH CLAIM FOR RELIEF**

3                   **(Infringement of U.S. Patent No. 6,480,855)**

4    14.    No allegations are contained within paragraph 14 and a response by Zappos is therefore

5    not necessary.  To the extent a response may be deemed necessary, Zappos denies the allegations in

6    paragraph 14.

7    15.    Denied.

8                      **FIFTH CLAIM FOR RELIEF**

9                   **(Infringement of U.S. Patent No.6,502,096)**

10    16.    No allegations are contained within paragraph 16 and a response by Zappos is therefore

11    not necessary.  To the extent a response may be deemed necessary, Zappos denies the allegations in

12    paragraph 16.

13    17.    Denied.

14                      **SIXTH CLAIM FOR RELIEF**

15                   **(Infringement of U.S. Patent No. 6,519,600)**

16    18.    No allegations are contained within paragraph 18 and a response by Zappos is therefore

17    not necessary.  To the extent a response may be deemed necessary, Zappos denies the allegations in

18    paragraph 18.

19    19.    Denied.

20                      **AFFIRMATIVE DEFENSES**

21    20.    Zappos incorporates by reference and re-alleges each and every allegation contained in

22    its responses to Paragraphs 1 through 19 as though fully set forth herein.

23    21.    The claims of the patents-in-suit are invalid for failure to meet the requirements of the

24    Patent Laws of the United States 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C.

25    §§ 101, 102, 103 and 112.

26    22.    Zappos has not infringed and does not infringe (either directly, contributorily or by

27    inducement) any valid and/or enforceable claim of any of the patents-in-suit, either literally or under

28    the doctrine of equivalents.

23.     NCR's claims against Zappos are barred in whole or in part, by the doctrine of laches and/or by the doctrine of equitable estoppel.

24.     NCR's claims for damages, if any, against Zappos is statutorily limited by 35 U.S.C. § 286 and/or § 287.

25.     By reason of prosecution history estoppel, NCR is estopped form asserting a claim construction that would cause the claims of the patents-in-suit to be infringed by Zappos.

26.     Zappos hereby reserves its right to supplement with additional defenses as discovery proceeds in this matter.

## PRAYER FOR RELIEF

27.     Zappos denies that NCR is entitled to any of the relief requested in its Prayer for Relief against Zappos.

## COUNTERCLAIMS

### PARTIES

1.     Counterclaimant Zappos.com, Inc. ("Zappos") is a California corporation with its principal place of business located at 2280 Corporate Circle, Suite 100, Henderson, Nevada 89074.

2.     On information and belief, counterclaim defendant NCR Corporation ("NCR") is a corporation organized and existing under the laws of Maryland, with its principal place of business at 1700 South Patterson Boulevard, Dayton, Ohio 45479-0001.

### JURISDICTION AND VENUE

3.     The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

4.     Venue is proper in this Court under 28 U.S.C. § 1391(c) and § 1400(b).

ZAPPOS.COM, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO
AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL
Case No. C-06-5599 WHA

4

1

## COUNT ONE

### DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

5.      Based on the filing by NCR of this suit and Zappos' defenses, an actual controversy has arisen and now exists between the parties as to whether or not Zappos has directly and/or indirectly infringed any valid claim of the patents-in-suit.

6.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Zappos requests a declaration from the Court that Zappos has not infringed and does not infringe (either directly, contributorily or by inducement) any valid and/or enforceable claim of any of the patents-in-suit, either literally or under the doctrine of equivalents.

## COUNT TWO

### DECLARATORY RELIEF REGARDING INVALIDITY

7.      Based on the filing of this suit by NCR and Zappos' defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the patents-in-suit.

8.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Zappos requests a declaration from the Court that each of the claims of the patents-in-suit are invalid for failure to comply with the provisions of the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## EXCEPTIONAL CASE

9.      This is an exceptional case under 35 U.S.C. § 285, and as such, Zappos is entitled to recover from NCR Zappos' attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

Zappos prays that:

(a)      NCR's Amended Complaint against Zappos be dismissed, with prejudice, and that a take-nothing judgment be entered in favor of Zappos;

(b)      Judgment be entered in favor of Zappos declaring that each of the claims of the patents-in-suit is invalid and that Zappos has not infringed any claim of such patent either literally and/or under the doctrine of equivalents;

1    (c)    Judgment be entered in favor of Zappos and against NCR that this is an exceptional

2    case and awarding Zappos its attorneys' fees and costs under 35 U.S.C. § 285; and

3    (d)    Zappos be awarded any such other and further relief as is just and proper.

4    **JURY TRIAL DEMAND**

5    Pursuant to FED. R. CIV. P. 38(b), Zappos demands a trial by jury on all issues so triable.

6

7    DATED:  November 30, 2006          Respectfully submitted,

8                                      TOWNSEND AND TOWNSEND AND CREW LLP

9

10

11   By:_____/s/ April E. Abele_____
                        April E. Abele

12                      Attorneys for Defendant
                        ZAPPOS.COM, INC.
13

14

15

16   60924202 v1

17

18

19

20

21

22

23

24

25

26

27

28

ZAPPOS.COM, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO
AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL
Case No. C-06-5599 WHA

6